**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN WARD,

Plaintiff,

v. Case No. 6:25-cv-2122-RBD-NWH

SECRETARY, DEPARTMENT OF HOMELAND SECURITY; and DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES,

Defendants.

---

**ORDER**

Before the Court is Defendants' unopposed motion for remand. (Doc. 12.)

Plaintiff sued Defendants for failing to adjudicate his naturalization application. (Doc. 1.) Defendants now move unopposed to remand Plaintiff's application to U.S. Citizenship and Immigration Services ("USCIS") because USCIS expects to make a decision soon. (Doc. 12.) Once a plaintiff applies for a district court to determine his naturalization application, the court may "either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." 8 U.S.C. § 1447(b). Most courts remand. *See Rangoonwala v. Swacina*, No. 08-21588-CIV, 2008 WL 5070299, at *2 (S.D. Fla. Nov. 25, 2008) (collecting cases). *See generally INS v. Ventura*, 537 U.S. 12, 17 (2002)

("The agency can bring its expertise to bear on the matter; it can evaluate the evidence; . . . it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides."). Here, given USCIS's stated willingness to adjudicate Plaintiff's application and Plaintiff's consent, remand is appropriate both because USCIS is better equipped to consider the merits and for judicial economy. *See Ventura*, 537 U.S. at 17.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' unopposed motion to remand (Doc. 12) is **GRANTED.**
2. This matter is **REMANDED** to USCIS.
3. USCIS is **DIRECTED** to adjudicate Plaintiff's naturalization application within sixty days of this Order.
4. The Clerk is **DIRECTED** to close the file.

**DONE** and **ORDERED** on March 18, 2026.

JOHN ANTOON II
United States District Judge

for
Roy B. Dalton, Jr.
United States District Judge